FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALVIS COATINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES ONE through TEN, <br><br> Defendants. | Civil Action No. 3:04CV374 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Alvis Coatings, Inc. ("Alvis"), files this Complaint against several defendants whose identities are not yet known and who are therefore identified herein as John Does One through Ten ("Defendants"). In support of its Complaint, Alvis alleges as follows:

### PARTIES

1. ALVIS is a North Carolina corporation with its principal place of business in Matthews, North Carolina. ALVIS is engaged in the business of distributing, and authorizing others to use, distribute and apply, coating products used in commercial, residential and industrial applications. These coating products, which are manufactured according to ALVIS's proprietary standards and formulas, include ALVIS Spray on Siding® permanent coatings, ALVIS bonding agent, and ALVIS-Seal Sealant (collectively "ALVIS Products").

2. Defendants are individuals or entities whose identities and locations are unknown to Alvis. Defendants have harassed Alvis, its dealers, customers, employees, and other Internet users by posting false, misleading and disparaging messages on bulletin boards of industry

websites, particularly www.bobvila.com and www.oldhouse.com. Defendants' bulletin board messages contain false and misleading information, untrue accusations, and disparaging comments regarding Alvis, its dealers, customers, employees, and products. Alvis believes that information obtained in preliminary and expedited discovery will lead to the identification of Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 because this case arises, *inter alia*, under the Federal Lanham Act, 15 U.S.C. § 1125(a), *et seq*. This Court has jurisdiction over Alvis's state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

### Alvis and its Business, Trademarks and Service Marks

5. ALVIS Products are distributed through independently owned dealers who market, sell and install such products including, inter alia, Alvis Spray On Siding® permanent coatings, to their customers in their territories. The Alvis dealer network now makes ALVIS Products available in approximately 100 markets in 37 states throughout the nation.

6. To identify the source, origin and sponsorship of ALVIS Products, and to distinguish those Products from those made and offered by others, ALVIS extensively has used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including, but not limited to, the name and mark "ALVIS Spray on Siding®" (the "ALVIS Marks").

7. The name and mark "ALVIS Spray on Siding®" is registered on the Principal

Register of the United States Patent and Trademark Office (Registration Number 2,634,583). This registration continues in full force and effect.

8. Alvis has given notice to the public of the registration of the name and mark "ALVIS Spray on Siding®" as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that Alvis remains the exclusive user of the name and mark "ALVIS Spray on Siding®" and the remainder of the ALVIS Marks.

9. Alvis continuously has used the ALVIS Marks in interstate commerce in connection with the promotion and sale of ALVIS Products throughout the United States, including the State of North Carolina.

10. Alvis has the exclusive right to use and license the ALVIS Marks and derivations thereof.

11. Pursuant to Licensee Agreements entered into by and between ALVIS and its authorized and approved distributors, ALVIS grants distributors the right to use and sell ALVIS Products in specified areas.

12. Alvis and its authorized distributors use the ALVIS Marks as the marks and trade identity by which ALVIS Products are distinguished from the products and services offered by others.

13. Alvis and its authorized distributors extensively have advertised and promoted ALVIS Products under the ALVIS Marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products offered by Alvis and its distributors under the ALVIS Marks have met with widespread

public approval and have established demand and goodwill among consumers throughout the United States, including the State of North Carolina.

### Defendants' False, Misleading and Disparaging Website Postings

14. Beginning in 2003, and continuing to the present, Defendants have posted many false, misleading and disparaging messages on industry websites, particularly on the internet bulletin boards of www.bobvila.com and www.oldhouse.com. These postings contain false, misleading and disparaging information regarding Alvis, its dealers, customers, employees, and/or products.

15. Some of these bulletin board messages state that they are posted by customers, former employees, and competitors of Alvis, and include false, misleading, and disparaging information concerning the make-up and origin of ALVIS products, the practices of Alvis's business, and the activities of Alvis's employees.

16. Examples of such bulletin board messages include:

"Alvis Spray-on-Siding is private labeled by a major US manufacturer (whom I will not name) It is second level contractors material sold by the manufacturer as Siding in a Can. You can buy it from the manufacturer direct. The manufacturer does not have a lifetime gaurantee." Posted on April 26, 2004 by Larry M.

"Alvis and its dealers are shameless con artists. There product is duron paint that they label. ..." Posted April 28, 2004 by Gary Victor.

"None of these copycats compare to AM-VI-CO Liquid Vinyl Siding. Alvis is just siding in a can..." Posted on March 19, 2004 by logan.

"I don't get it!!! These guys steal thousands of dollars from people all over the country, and the complaints get erased. All I know is that the Michigan State Police, and the Attorney General are looking into all three of the fine businesses. Hope they can bury them all." Posted April 6, 2004 by concerned customer.

"The truth is that Midwest Spray on Siding has replaced the bankrupt Permacoat of Michigan and is attempting to prop up Robert Lahousse , while he avoids the

>michigan attorney general and all those he has cheater of their hard earned dollars.alvis continues to bless this operation at the same tim as their top sales executive disappears wuith a boat-load of funds....Anton,Dobyne,Hartman,Ard, Caldwell....all criminals." Posted April 9, 2004 by Jay Hanna.

The above listed examples are only a few of the numerous bulletin board messages posted on www.bobvila.com and www.oldhouse.com. Each is false, misleading, and/or disparaging, and posted by persons unfairly taking advantage of the anonymity provided by Internet bulletin boards.

17. Alvis has made numerous attempts to mitigate the harmful effect of the bulletin board messages by seeking the cooperation of the website operators and by posting responsive bulletin board messages aimed at countering the statements, claims and accusations. These attempts, however, were met with additional false, misleading and disparaging bulletin board messages.

18. The anonymous nature of these bulletin board messages have made it very easy for those responsible to post such messages with impunity, and have made it nearly impossible for Alvis to police false and damaging attacks goodwill and reputation.

19. Upon information and belief, currently unidentified persons posted these false, misleading and disparaging messages for a number of reasons, including: (a) to cause damage to the business of Alvis; (b) to unfairly compete with Alvis by interfering with the current and prospective contracts of Alvis; and (c) to stimulate reply posts from outraged readers to further cause damage to Alvis, its products, dealers, customers, and employees.

20. Defendants' messages have damaged Alvis's business reputation and goodwill with its customers and dealers, as well as potential customers and dealers.

- 5 -

21. Alvis has received numerous consumer complaints regarding the content of these false, misleading and disparaging postings, and has lost current and potential customers. In addition, Alvis has lost potential dealership opportunities, which directly translates into additional lost sales, revenues and profits, all to Alvis's substantial harm.

22. Defendants almost certainly will continue to post new false, misleading and disparaging bulletin board messages on industry websites, particularly the Internet bulletin boards of www.bobvila.com and www.oldhouse.com. The operators of these websites, while at times cooperative with Alvis's attempts to prevent harmful bulletin board postings, have refused to provide to Alvis information sufficient to identify the source of these postings.

## COUNT I – LANHAM ACT SECTION 43(a): UNFAIR COMPETITION

23. Plaintiff's allegations contained in paragraphs 1 through 22, as set forth above, are incorporated herein by reference as if fully set forth herein.

24. Defendants' false, misleading and disparaging statements on industry websites, particularly www.bobvila.com and www.oldhouse.com, concerning the nature, characteristics, and quality of Alvis's products, services and commercial activities constitute unfair competition in or affecting commerce under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, Defendants' actions are willful, deliberate, and done with knowledge of Alvis's exclusive and proprietary rights, and with knowledge that these actions are likely to confuse, mislead, and deceive the public.

26. Defendants' conduct has caused and, if not enjoined, will continue to cause injury to Alvis, for which injury Alvis is entitled to receive monetary damages, injunctive relief and other appropriate remedies.

CLT01/4656314v1

Case 3:04-cv-00374-CH   Document 1   Filed 07/30/04   Page 6 of 11

## COUNT II - NORTH CAROLINA GEN. STAT. § 75-1.1, *et seq.*:
## UNFAIR AND DECEPTIVE TRADE PRACTICES

27. Plaintiff's allegations contained in paragraphs 1 through 26, as set forth above, are incorporated herein by reference as if fully set forth herein.

28. Defendants' false, misleading and disparaging statements on industry websites, particularly www.bobvila.com and www.oldhouse.com, concerning the nature, characteristics, and quality of Alvis's products, services and commercial activities constitute unfair and deceptive trade practices in or affecting commerce.

29. By virtue of the aforesaid acts, Defendants have competed unfairly and deceptively with Alvis. Defendants gained an unfair competitive advantage against Alvis, and Defendants have been unjustly enriched at the expense of Alvis in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

30. Defendants' conduct has caused and, if not enjoined, will continue to cause injury to Alvis and to consumers in North Carolina and elsewhere, for which injury Alvis is entitled to receive monetary damages, injunctive relief, and other appropriate remedies.

31. Pursuant to Chapter 75, N.C. Gen. Stat., Alvis is entitled to treble damages and attorneys fees for Defendants' unfair and deceptive trade practices.

## COUNT III – UNFAIR COMPETITION
## NORTH CAROLINA COMMON LAW

32. Plaintiff's allegations contained in paragraphs 1 through 31, as set forth above, are incorporated herein by reference as if fully set forth herein.

33. Defendants' false, misleading and disparaging statements on industry websites, particularly www.bobvila.com and www.oldhouse.com, concerning the nature, characteristics,

- 7 -
CLT01/4656314v1
Case 3:04-cv-00374-CH   Document 1   Filed 07/30/04   Page 7 of 11

and quality of Alvis's products, services and commercial activities constitutes unfair competition in or affecting commerce.

34. By virtue of the aforesaid acts, Defendants have competed unfairly and deceptively with Alvis, Defendants have gained an unfair competitive advantage against Alvis, and Defendants have been unjustly enriched at the expense of Alvis in violation of the common law of the State of North Carolina.

35. Defendants' conduct has caused and, if not enjoined, will continue to cause injury to Alvis and to consumers in North Carolina and elsewhere, for which injury Alvis is entitled to receive monetary damages, injunctive relief and other appropriate remedies.

## COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE
## NORTH CAROLINA COMMON LAW

36. Plaintiff's allegations contained in paragraphs 1 through 35, as set forth above, are incorporated herein by reference as if fully set forth herein.

37. Defendants' false, misleading and disparaging statements on industry websites, particularly www.bobvila.com and www.oldhouse.com, concerning the nature, characteristics and quality of Alvis's products, services and commercial activities constitute tortious interference with business relations and prospective economic advantage.

38. Defendants were aware of the existence and nature of Alvis's business relations with its customers and dealers, as well as potential customers and dealers, of its products and services, and had no legitimate justification for interfering with those relations.

39. Defendants' actions as alleged herein proximately caused Alvis to lose present and future business with its customers and dealers, as well as potential customers and dealers,

- 8 -
CLT01/4656314v1
Case 3:04-cv-00374-CH   Document 1   Filed 07/30/04   Page 8 of 11

and such actions have cost, and will continue to cost, Alvis substantial lost income, lost profits, and lost prospective business opportunities.

40. Defendants' conduct has caused and, if not enjoined, will continue to cause injury to Alvis, for which injury Alvis is entitled to receive monetary damages, injunctive relief and other appropriate remedies.

### COUNT V – DEFAMATION
### NORTH CAROLINA COMMON LAW

41. Plaintiff's allegations contained in paragraphs 1 through 40, as set forth above, are incorporated herein by reference as if fully set forth herein.

42. Defendants' false, misleading and disparaging statements on industry websites, particularly www.bobvila.com and www.oldhouse.com, concerning the nature, characteristics and quality of Alvis's products, services and commercial activities constitute libelous defamation.

43. To the extent that the libelous and defamatory postings tend to impeach Alvis in its trade or profession, or charge that Alvis has committed a crime, the postings are defamation per se, therefore raising the presumption of malice and damages.

44. Defendants' conduct has caused and, if not enjoined, will continue to cause injury to Alvis, for which injury Alvis is entitled to receive monetary damages, injunctive relief and other appropriate remedies.

### PRAYER FOR RELIEF

WHEREFORE, Alvis prays for judgment against Defendants on all causes of action set forth herein and requests entry of the following relief against Defendants:

(a) Temporary, preliminary and permanent injunctive relief prohibiting Defendants, their officers, directors, shareholders, agents, servants, employees, and attorneys, and all those in active concert or participation with them, from continuing to post bulletin board messages, or any other statement posted on an internet website or elsewhere, that purport to describe the business of Alvis, its employees, customers or dealers;

(b) Damages in excess of $75,000 in an amount to be proven at trial;

(c) Punitive damages in light of Defendants' willful, malicious, and bad faith conduct;

(d) Statutory damages;

(e) Disgorgement of the profits Defendants have earned as a result of their unlawful conduct;

(f) Treble damages, attorneys' fees, and profits pursuant to 15 U.S.C. §§ 1117(a), and N.C. Gen. Stat. §§ 75-17 and 75-16.1;

(g) Punitive damages under N.C. Gen. Stat. § 1D-15;

(h) Costs of suit; and

(i) Such other and additional relief as this Court deems just and proper;

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted, this 30th day of July, 2004.

_____
Jason M. Sneed (N.C. State Bar No. 29593)
S. Benjamin Pleune (N.C. State Bar No. 28748)
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

Attorneys for Plaintiff
ALVIS COATINGS, INC.